No. 27,118.

JOHN POLENSEK, *Appellant*, T. W. CLARK, Intervener, v. THE
SHERIDAN COAL COMPANY, *Appellee.*

SYLLABUS BY THE COURT.

1. WORKMEN'S COMPENSATION ACT—*Attorney's Lien—Proper Service of No-
tice.* Service of notice of an attorney's lien in a workmen's compensation
case cannot be effected by service on a person described by the sheriff as
"lawyer for the defendants" when such person was not then attorney of
record for defendants nor shown to be their regularly employed salaried
attorney.

2. SAME—*Attorney's Lien—Sufficiency of Intervener's Petition to Enforce Lien.*
An intervener's petition to enforce an attorney's lien in a compensation case
and the antecedent record of that case considered, and held that defendant's
demurrer thereto was properly sustained.

Appeal from Crawford district court; DANIEL H. WOOLLEY, judge. Opinion
filed February 12, 1927. Affirmed.

*Thomas W. Clark,* of Pittsburg, *pro se.*

*C. O. Pingry, P. E. Nulton* and *G. L. Stevenson,* all of Pittsburg, for the
appellee.

The opinion of the court was delivered by

DAWSON, J.: This is an appeal from a judgment sustaining a
demurrer to an intervener's petition in a case which had been
brought under the workmen's compensation act.

The purpose of the intervention was to fasten liability on defend-
ant for an attorney's fee in the compensation case because it had
been settled by personal negotiations between plaintiff and defend-
ant without regard to intervener's claim to a lien on the proceeds of
any judgment or settlement effected in favor of the plaintiff work-
man.

It appears that in 1913 John Polensek, an employee of defendant,
was injured in a coal mine, and defendant promptly began to pay
him compensation therefor, which periodical payments continued
for several years until February 26, 1921, when defendant offered
Polensek $500 in full and final settlement of all his lawful demands
against it. This offer was refused, and on March 24, 1921, an ac-
tion was begun to recover a claimed balance of $2,359 still due plain-

Pleading, 31 Cyc. p. 338 n. 8. Workmen's Compensation Acts, p. 131 n. 75.

tiff for compensation. In the action Thomas W. Clark was employed as attorney by plaintiff under a contract whereby Clark was to receive as his fee one-third of any sum recovered by settlement or suit and judgment. No pleadings were filed by defendant. Attorney Clark served written notice on J. J. Campbell, designated in such notice as defendant's attorney of record, of his claim to an attorney's lien. This notice was served on Campbell April 4, 1921, the sheriff certifying that he delivered a copy of it "to J. J. Campbell, lawyer for the defendants." Campbell was not then the defendant's attorney of record, nor does the record show that he was a regularly employed salaried attorney of the defendant. Three days later, on April 7, 1921, plaintiff and defendant effected a settlement of their controversy by the payment of $1,200, and plaintiff's verified receipt and acknowledgment was filed with the clerk of the district court April 19, 1921.

On January 11, 1923, Clark filed in court a verified application for leave to intervene in the action (which had not been formally dismissed notwithstanding the settlement effected between the litigants some twenty-one months previously), and in his application Clark alleged:

"That he claims an attorney's lien in the above entitled action, and for a final determination thereof should be made a party thereto.

.   .   .   .   .   .   .   .   .   .   .   .

"That intervener has no other way of having an adjudication of said cause and matter, except by intervening herein."

J. J. Campbell acknowledged service on January 11, 1923, of a copy of this application to intervene, and signed it as attorney for defendant.

On March 27, 1925, Clark's application to intervene was granted over the objection of defendant's attorneys, Messrs. Pingry, Nulton & Stevenson, and on March 28, 1925, the intervener's petition was filed. It alleged his employment by plaintiff John Polensek on February 21, 1921, to commence suit or effect a settlement with defendant for the amount yet due plaintiff as compensation; that he immediately attempted without success to settle the controversy with defendant, and accordingly filed the action on March 24, 1921; that at the same time he filed his lien as attorney and caused it to be served upon J. J. Campbell, attorney for defendants, on April 6, 1921. Intervener also alleged that defendant was thereby advised

of the conditions of his employment, but nevertheless defendant settled its controversy with plaintiff for $1,200, whereby defendant became indebted to the intervener, under the terms of his employment as attorney and under his attorney's lien, in the sum of $400.

The defendant demurred to the intervener's petition on various grounds—improper joinder, no cause of action stated, settlement effected and plaintiff's claim satisfied before the intervention of appellant, and the statute of limitations.

This demurrer was sustained and the intervener appeals, and argues with considerable force and cleverness that none of the grounds of the demurrer was well founded. However, the one based upon the failure of the intervening petition to state a cause of action raises the main and controlling question, and we will direct our attention to it. A demurrer raising that point searched the entire record. The service of notice of the intervener's claimed lien for attorney's fees on April 4, 1921, upon J. J. Campbell was ineffective. So far as shown by the record, Campbell was not at that time a regularly employed salaried attorney for the defendant, upon whom such claimed lien might be served under the statute (R. S. 7-108), nor was he attorney of record upon whom such service might be effected under the rule announced in *Alexander v. Clarkson,* 100 Kan. 294, 164 Pac. 294, syl. ¶ 5. Later, on January 11, 1923, J. J. Campbell as attorney for defendant acknowledged service of a copy of appellant's application for leave to intervene, and that is the first time Campbell did anything in connection with the case as attorney of record or otherwise; but whatever significance might otherwise be given to such service of notice of leave to intervene, it was altogether ineffective to found a lien on a sum of money which had been paid in full settlement of the pending lawsuit one year, nine months and four days prior thereto.

Appellant's case simply comes to this: His claimed lien failed because it was not perfected in compliance with the statute ere the defendant had parted with its money in satisfaction of plaintiff's demand. Appellant therefore could not prevail. (*Ahalt v. Gatewood,* 109 Kan. 328, 198 Pac. 970.) Other questions of law raised by the demurrer and argued in the briefs of counsel need no discussion.

The judgment is affirmed.